UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Rafiu Owolabi,

          Plaintiff,

–v–

Bank of America, NA,

          Defendant.

18-CV-3991 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

On June 6, 2018, Plaintiff Rafiu Owolabi filed an amended complaint in this case. Dkt. No. 20. Defendant Bank of America, NA, moved to dismiss the amended complaint. Dkt. Nos. 7, 10, 22. For the following reasons, Defendant's motion to dismiss is granted.

## I. Background

On a Rule 12(b)(6) motion, a court must take the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 74 (2d Cir. 2013). Accordingly, the following statement of facts is drawn from the amended complaint ("Am. Compl."), Dkt. No. 20.

Plaintiff owns a property in Staten Island, New York. Am. Compl. ¶ 6. During 2009, Plaintiff changed jobs and his income changed significantly, which caused him hardship in paying for his mortgage on the property. Am. Compl. ¶ 6. In 2010, Plaintiff applied to Defendant for a hardship modification of his mortgage. Am. Compl. ¶ 7. Plaintiff's modification was approved in April 2012—two and a half years after starting the modification process. Am. Compl. ¶ 11. Over the next two years, Plaintiff successfully made payments on his modified loan. Am. Compl. ¶ 11. In April 2014, Plaintiff applied for a line of credit and was

1

denied. Am. Compl. ¶ 12. When he was denied the credit, he discovered a lien against his property for $94,539.96. Am. Compl. ¶ 12.

Plaintiff was unaware that there was a lien on his property, and, according to Plaintiff, the fact that a lien could be placed on his property was not sufficiently addressed during the loan modification process. Am. Compl. ¶ 13. According to the amended complaint, Plaintiff never received any documents in writing from Defendant regarding the lien. Am. Compl. ¶ 13.

Approximately one year prior to filing the instant action, Plaintiff filed a complaint in the Supreme Court of the State of New York, County of New York, asserting identical claims against Defendant. *See* Dkt. No. 7, Ex. G. On June 20, 2017, Defendant moved to dismiss the complaint filed in the prior action. Defendant's motion to dismiss was administratively granted on July 14, 2017, and judgment was entered. *See* Dkt. No. 7, Ex. H.

On April 6, 2018, Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York. *See* Dkt. No. 1. On May 3, 2018, Defendant removed the case to this Court. *See* Dkt. No. 1. On May 10, 2018, Defendant moved to dismiss this case. Dkt. No 7; *see also* Dkt. No. 10. The Court issued an order stating that Plaintiff was on notice that declining to amend his pleadings to timely respond to Defendant's motion to dismiss may constitute a waiver of the Plaintiff's right to use the amendment process to cure any defects that had been made apparent by the Defendant's briefing. *See* Dkt. 8. In response, Plaintiff chose to amend his complaint, and filed an amended complaint on June 6, 2018. Dkt. No. 20. Defendant then submitted a letter notifying the Court that it intended to rely on its already filed motion to dismiss in response to the amended complaint. *See* Dkt. No. 22. On June 29, 2018, Plaintiff filed an opposition to Defendant's motion to dismiss. Dkt. No. 24. On July 5, 2018, Defendant filed a reply letter in further support of its motion. Dkt. No. 25.

## II. Standard

When a defendant moves to dismiss under Rule 12(b)(6), the Court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *LaFaro v. N. Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). The complaint will survive the motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Although this standard does not require "detailed factual allegations," it "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In resolving a motion to dismiss, review is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). "If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true." *Ace Sec. Corp. Home Equity Loan Tr., Series 2007-HE3 ex rel. HSBC Bank USA, Nat. Ass'n v. DB Structured Prod., Inc.*, 5 F. Supp. 3d 543, 551 (S.D.N.Y. 2014) (Nathan, J.) (citations and quotation marks omitted); *see Feick v. Fleener*, 653 F.2d 69, 75 (2d Cir. 1981).

## III. Plaintiff's Claims

### A. Breach of Contract

Plaintiff brings a breach of contract claim. *See* Am. Compl. ¶¶ 14-21. Plaintiff argues that Defendant "failed to clearly disclose material terms and conditions of the…lien, in violation of the 'Important Disclosures' section of the Loan Modification Agreement." Dkt. No. 24 ("Pl.

3

Br.") at 3. Plaintiff argues that the agreement was ambiguous as to the ramifications of a lien. *Id.*

The elements of a breach of contract claim in New York are: "(1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach. *RCN Telecom Servs., Inc. v. 202 Ctr. St. Realty LLC.*, 156 F. App'x 349, 350–51 (2d Cir. 2005). Additionally, a "party is under an obligation to read a document before signing it, and cannot generally avoid the effect of the document on the ground that he or she did not read it or know its contents." *Augustine v. BankUnited FSB*, 75 A.D.3d 596, 597 (2010); *see Cash v. Titan Fin. Servs., Inc.*, 58 A.D.3d 785, 788 (2009).

Even taking the facts alleged in the complaint as true and drawing all reasonable inferences in his favor, Plaintiff does not sufficiently allege the elements of a breach of contract claim. The loan modification that Plaintiff signed explicitly contemplated that Plaintiff "sign a subordinate promissory note and subordinate mortgage," where the total advance amount was $94,539.86. *See* Dkt. No. 12, Ex. C at 2. On April 25, 2012, Plaintiff signed this commitment, which set out the full nature of the loan modification offered, and stated that this lien would be placed on his property. *Id.* at 5. As discussed above, because the contract relied on in the amended complaint contradicts the allegations in the amended complaint, the contract, "not the allegations, control, and the court need not accept the allegations in the complaint as true." *Ace*, 5 F. Supp. 3d at 551; *see Feick*, 653 F.2d at 75. Accordingly, Plaintiff cannot support a cause of action for a breach of contract claim, as the contract contradicts Plaintiff's allegations. For these reasons, Defendant's motion to dismiss Plaintiff's breach of contract claim is granted.

**B. Violation of New York General Business Laws § 349 and § 350**

Plaintiff also brings a claim pursuant to New York General Business Laws §§349 and 350. *See* Am. Compl. ¶¶ 22-31. General Business Law § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service," and allows any person injured by a violation of the section to recover damages. General Business Law § 349. General Business Law § 350 states that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful. General Business Law § 350. This claim is subject to a three-year statute of limitations. N.Y. C.P.L.R § 214(2). The loan modification was signed on April 25, 2012. *See* Dkt. No. 12, Ex. C at 5. Plaintiff discovered the lien, which is the alleged deceptive practice, in April 2014. Am. Compl. ¶ 12. As Plaintiff did not file this case until April 6, 2018, *see* Dkt. No. 4-1, his claim is time-barred. Accordingly, Defendant's motion to dismiss the violation of New York General Business Laws §§349 and 350 is granted.

**IV.   Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff has already amended his complaint, and any further amendment would be futile. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC.*, 797 F.3d 160 (2d Cir. 2015). Accordingly, his claims are dismissed with prejudice. This resolves docket numbers 10 and 22. The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: February 6, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge